**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1631-24

JEFFREY S. STOLARZ,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT,
and JVC KENWOOD U.S.A.
CORPORATION,

      Respondents.

_____

Submitted May 20, 2026 – Decided July 21, 2026

Before Judges Currier, Berdote Byrne and Jablonski.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 316399.

Jeffrey S. Stolarz, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent Board of Review (Christopher Weber, Assistant Attorney General, of counsel; Courtney S. Babb, Deputy Attorney General, on the brief).

PER CURIAM

Jeffrey S. Stolarz appeals from a December 19, 2024 final decision of the Board of Review, Department of Labor (the Board), which affirmed a decision of the Appeal Tribunal requiring him to refund an overpayment of unemployment benefits. We affirm.

I.

Stolarz has been employed part-time as a clerical assistant by JVC Kenwood U.S.A. Corporation (JVC) since May 13, 2013. Before 2020, he simultaneously held a second part-time position as a limousine driver for My Limo, a limousine company. In March 2020, Stolarz was laid off from his position as a limousine driver as a result of the COVID-19 pandemic. On March 28, 2021, Stolarz filed a claim for unemployment benefits, establishing a weekly benefit rate of $280 and a partial weekly benefit rate of $336. Throughout the period relevant to this appeal, Stolarz continued working part-time for JVC approximately three days a week.

In April 2022, the Deputy of the Division of Unemployment Insurance determined Stolarz ineligible for benefits from October 3, 2021 through January 1, 2022, on the grounds that his gross earnings exceeded his partial weekly benefit rate, and the Director of the Division of Unemployment Insurance issued

A-1631-24

a request for refund of $4,676 for the weeks ending September 11, 2021 through January 1, 2022. Stolarz appealed both determinations on April 28, 2022. Following hearings held June 10, 2022, and December 12, 2022, the Appeal Tribunal modified the Deputy's determination, found Stolarz partially unemployed and eligible for partial benefits from October 3, 2021 through January 1, 2022, and remanded the refund issue to the Director for recalculation after deducting Stolarz's wages from his partial weekly benefit rate.

Following the remand, the Director issued two new requests for refund, both dated July 6, 2023. The first sought repayment of $4,615 for benefits received for the weeks ending September 11, 2021 through January 1, 2022. The second sought repayment of $3,504 for benefits received for the weeks ending October 9, 2021 through January 1, 2022. Stolarz filed timely appeals of both refund requests on July 10, 2023.

A hearing was held before the Appeal Tribunal on January 25, 2024. The Appeals Examiner read the gross wages reported by JVC for each of the seventeen weeks at issue into the record, and Stolarz confirmed he had no basis to dispute them. Stolarz asserted the refund requests were improper, because his unemployment claim arose from the loss of his limousine-driving position rather than his continuing work for JVC. The Appeals Examiner explained any

3

wages earned from any employer while receiving benefits must be reported, regardless of which employment gave rise to the underlying claim.

The Appeal Tribunal affirmed the Director's determination, finding Stolarz liable for a non-fraud refund of unemployment benefits for the weeks ending September 11, 2021 through January 1, 2022. For the week ending September 11, 2021, the Tribunal found Stolarz's wages of $327 exceeded his $280 weekly benefit rate, leaving him eligible for $9 in benefits. For the following twelve weeks, ending September 18, 2021 through December 4, 2021, the Tribunal found his wages exceeded the $336 partial weekly benefit rate, rendering him ineligible for any benefits. For the four weeks ending December 11, 2021 through January 1, 2022, the Tribunal found his wages, ranging from $296 to $308, did not exceed the partial weekly benefit rate but reduced his entitlement to either $28 or $40 per week. The Tribunal found Stolarz nonetheless received the full $280 weekly benefit for each of the seventeen weeks, resulting in a total overpayment of $4,615. The Tribunal further found the Director's second refund request, covering the overlapping weeks ending October 9, 2021 through January 1, 2022, was not controlling, and reflected an incomplete version of the $4,615 request encompassing the full period at issue.

4

Stolarz appealed to the Board, which affirmed the Tribunal's decision. This appeal followed.

## II.

Our review of an agency's decision is limited, and we generally defer to its decisions. See E. Bay Drywall, L.L.C. v. Dep't. of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). Accordingly, we will "disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dept. of Labor, 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)). The burden of showing an agency's misapplication of that discretion is "on the challenger." Parsells v. Bd. of Educ. of Borough of Somerville, 472 N.J. Super. 369, 376 (App. Div. 2022), aff'd as modified sub nom. Parsells v. Bd. of Educ. of Borough of Somerville, Somerset Cnty., 254 N.J. 152 (2023).

The Board's decision was supported by substantial credible evidence in the record and was not arbitrary, capricious, or unreasonable. It reflects a week-by-week analysis of the wages Stolarz received. The amounts were confirmed by his consistent employer, which provided him with part-time work since 2013

and continuing through the period at issue. Each calculation reflected the difference between the applicable weekly benefit rate and the wages received, whether above or below it. The record demonstrates Stolarz received unemployment compensation benefits to which he was not legally entitled.

When the Division determines a claimant "has received any sum as benefits . . . while otherwise not entitled to receive such sum as benefits, such person, unless the [D]irector . . . directs otherwise by regulation, shall be liable to repay those benefits in full." N.J.S.A. 43:21-16(d)(1) (2014).[1] The statute "requires the full repayment of unemployment benefits received by an individual who, for any reason, regardless of good faith, was not actually entitled to those benefits." Sullivan, 471 N.J. Super. at 155 (quoting Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997)).

Although recoupment may impose a hardship on an individual, the process "is necessary to preserve the ongoing integrity of the unemployment compensation system." Bannan, 299 N.J. Super. at 675. To ensure the State's

---

[1] The pertinent section of N.J.S.A. 43:21-16(d)(1) was amended in 2024, to be effective July 31, 2023. L. 2024, c. 102. However, because the amendment's retroactive effective date postdates Stolarz's claim, filed in 2021, the amendment does not apply. See Ardan v. Bd. of Rev., 231 N.J. 589, 608 (2018) (determining that an amendment to the law did not apply retroactively to a claim filed prior to the amendment's enactment).

6

unemployment fund is not depleted, the Board must seek repayment of erroneously paid unemployment benefits, even if the claimant received the benefits in good faith. Id. at 674-75; see also Fischer v. Bd. of Rev., 123 N.J. Super. 263, 266 (App. Div. 1973) (obligating a claimant to refund benefits for which she was ineligible despite "her conceded good faith in applying for the benefits she received."). Thus, although Stolarz acted in good faith and relied on the agency's determination of eligibility, he is nevertheless required to reimburse the overpayment.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-1631-24